UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY J. ROVILLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CAPITOL POLICE BOARD,<br><br>    Defendant. | Civil Action 09-00682  (HHK) |
| CARLTON PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CAPITOL POLICE BOARD,<br><br>    Defendant. | Civil Action 09-00683  (HHK) |

**MEMORANDUM OPINION**

Plaintiffs in these separate but related cases, Anthony Rovillard and Carlton Perry (collectively "plaintiffs"), bring these actions against the United States Capitol Police Board ("Police Board" or "Board") alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the United States Constitution. Plaintiffs' nearly identical complaints arise from the merger of the Library of Congress Police Force ("Library Police") and the United States Capitol Police ("Capitol Police"). Rovillard and Perry were both officers of the Library Police at the time Congress authorized this merger and

both are ineligible to become members, rather than civilian employees, of the Capitol Police because of their ages.

Before the Court are the Police Board's motions for partial dismissal and for summary judgment in Rovillard's [#6] and Perry's [#6] cases. Upon consideration of the motions, the oppositions thereto, and the record of this case, the Court concludes that the motion in each action should be granted.

## I. BACKGROUND

In January 2008, Congress enacted the "U.S. Capitol Police and Library of Congress Police Merger Implementation Act of 2007" ("Merger Act"). Pub. L. No. 110-178, 121 Stat. 2546 (2008). The Merger Act required transfer of all Library Police employees to the Capitol Police. *Id.* § 2(a), 121 Stat. at 2546. Officers of the Library Police "shall become either a member or civilian employee of the Capitol Police." *Id.* § 2(a)(1). To be eligible to become a Capitol Police officer rather than a civilian employee, a Library Police officer must be "entitled to an annuity for immediate retirement" before turning sixty years old, *id.* § 2(b)(1)(A)(i); in other words, the officer must be able to attain twenty years of service before reaching age sixty, *see id.*; 5 U.S.C. §§ 8336(b), 8412(b). In addition, an officer must successfully complete training and meet qualifications specified by the Chief of the Capitol Police. Merger Act § 2(b)(1)(A)(ii), (iii).

The Library Police do not have a mandatory retirement age, but a longstanding statutory provision mandates that all members of the Capitol Police "be separated from the service" upon reaching age fifty-seven with a possibility of extension to age sixty. 5 U.S.C. § 8335(c); *see also Riggin v. Office of Senate Fair Employment Practices*, 61 F.3d 1563 (Fed. Cir. 1995) (describing

the history of mandatory retirement for federal law enforcement officers and noting that the current provision regarding Capitol Police officers was enacted in 1994 (citing Pub. L. No. 103-283, § 307, 108 Stat. 1423, 1441-42 (1994))). A Library Police officer who becomes a civilian employee, rather than an officer, of the Capitol Police may continue to serve past the mandatory retirement age if he is not eligible for a retirement annuity upon reaching it. Merger Act § 2(b)(2), 121 Stat. at 2547.

Rovillard and Perry filed their actions against the Police Board, which is the oversight entity for the Capitol Police, in April 2009. At that time, they were officers of the Library Police. Rovillard, age fifty-four at the time he filed his complaint, joined the Library Police in 2000; Perry, age fifty-nine, joined in 1992. Plaintiffs were not invited to the training required for all Library Police officers who were to become Capitol Police officers because they would both have reached age sixty before attaining twenty years of service. Plaintiffs allege that this decision constitutes age discrimination and harms them for a variety of reasons, including that they will lose the benefits associated with retiring as federal law enforcement officers, in violation of the ADEA and the U.S. Constitution.[1]

---

[1] The complaints in these cases each contain only one count. The text immediately under the heading "COUNT ONE" in each complaint states, however, that the count alleges a violation of the ADEA and Title VII of the Civil Rights Act of 1964.
    The Court notes first that the Police Board has assumed in its motions to dismiss and for summary judgment that plaintiffs have each alleged a constitutional violation in addition to bringing statutory claims. Because plaintiffs do not contest this assumption, the Court will treat it as correct.
    With respect to any assertion of a claim based on a violation of Title VII, however, the Court notes that neither complaint includes factual assertions relating to discrimination based on a factor other than age and none of the filings by either party reference a claim other than age discrimination. Therefore, the Court will not address either plaintiff's cursory reference to a violation of Title VII. *See Duncan's Point Lot Owners Ass'n, Inc. v. FERC*, 522 F.3d 371, 377 (D.C. Cir. 2008). In any event, because the complaints do not present

## II. ANALYSIS

The Police Board requests summary judgment as to plaintiffs' ADEA claims and constitutional claims.[2]

**A.     Plaintiffs' ADEA Claims Fail Because Mandatory Retirement Ages for Federal Law Enforcement Officers Are Exempt from the ADEA.**

The Police Board argues that the Merger Act's application of the mandatory retirement age of Capitol Police to Library Police is not subject to a challenge under the ADEA[3] because age limits for law enforcement officers "are exempted from the statute's coverage." Def.'s Mot. to Dismiss at 18 (quoting *Kimel v Fl. Bd. of Regents*, 528 U.S. 62, 69 (2000)).[4]  Plaintiffs do not respond to this argument but instead reassert that the Merger Act "and the conduct of Defendant impose a mandatory retirement upon Plaintiff which constitutes unlawful discrimination based

---

any factual allegations regarding discrimination based on any factor other than age, any claim other than age discrimination would be subject to dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

   [2]     Summary judgment may be granted only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002).

   [3]     The Police Board first seeks dismissal of Rovillard and Perry's ADEA claims for lack of jurisdiction. The Board argues that Congress has only waived immunity from ADEA actions, via the Congressional Accountability Act, 2 U.S.C. § 1301 *et seq.*, for employees of the Capitol Police; because Rovillard and Perry were still employees of the Library of Congress at the time they filed their suits, the Board reasons, they are not covered by the Act. Plaintiffs argue in response that because they were denied entry to the training for officers "transitioning" from the Library Police to the Capitol Police, they are applicants to be officers of the Capitol Police and therefore are covered. The Court declines to resolve this issue because even assuming that plaintiffs are eligible to bring claims under the ADEA, those claims nevertheless must fail.

   [4]     All references to the parties' filings herein apply to the corresponding, nearly identical documents in each plaintiff's case.

4

on age in violation of [the ADEA]" and describe evidence allegedly supporting that claim. Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 7-9, 16-24.

The Police Board is correct. By federal statute, "[t]he head of any agency may determine and fix the minimum and maximum limits of age within which an original appointment may be made to a position as a law enforcement officer . . . as defined by section 8331(20) . . . of this title." 5 U.S.C. § 3307(d).[5] The D.C. Circuit held, in considering a challenge to maximum entry ages for Bureau of Prisons employees, that "section 3307(d) is an exception to the ADEA." *Stewart v. Smith*, 673 F.2d 485, 490-94 (D.C. Cir. 1982) (considering at length the conflict between section 3307(d) and the ADEA and concluding that to apply the ADEA "would require us to adopt a strained reading of section 3307(d) and to ignore Congress' clear intent to employ maximum entry ages as a means towards securing a 'young and vigorous' work force of law enforcement officers"); *see also Dunning v. Quander*, 508 F.3d 8, 10 (D.C. Cir. 2007) (noting in dicta that "federal law authorizes the use of age limits for law enforcement positions" (citing 5 U.S.C. § 3307(d); *Stewart*, 673 F.2d at 493-94)). The Supreme Court evidently agrees. *See Kimel*, 528 U.S. at 68-69 (noting in dicta that "[u]nder the current ADEA, mandatory age limits for law enforcement officers and firefighters—at federal, state, and local levels—are exempted from the statute's coverage" (citing 5 U.S.C. § 3307(d), (e); 29 U.S.C. § 623(j))).

Although these cases have not addressed the Library or Capitol Police forces specifically, plaintiffs have not offered any reason why the Library or Capitol Police do not fall within section

---

[5] Section 8331(20) provides, in relevant part, that "'law enforcement officer' means an employee, the duties of whose position are primarily the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States." 5 U.S.C. § 8331(20).

3307(d)'s definition of "law enforcement officer."[6]  This Court holds that they do.  Because the mandatory retirement scheme to which plaintiffs object is exempted from the ADEA, the Court concludes that no material facts raise a genuine issue as to whether, as a matter of law, plaintiffs' ADEA claims can succeed.  Because the ADEA claims must fail, the Court shall grant the Police Board's request for summary judgment as to those claims.

B.      **Plaintiff's Equal Protection Claim Fails Because the Merger Act's Application of Mandatory Retirement Ages to Former Library Police is Rationally Related to a Legitimate State Interest.**

Although Rovillard and Perry's complaints fail to make clear what constitutional claim plaintiffs advance, it is apparent from the parties' subsequent filings that plaintiffs intend to argue that the Merger Act's provision preventing older Library Police officers from becoming Capitol Police officers violates their right to equal protection of the laws.  The federal government must adhere to the Equal Protection Clause of the Fourteenth Amendment by virtue of the Due Process Clause of the Fifth Amendment.  *See Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954).

The law governing equal protection challenges to classifications by age is clear.  Because "age is not a suspect classification under the Equal Protection Clause," a statute does not violate the Constitution by "discriminat[ing] on the basis of age . . . if the age classification . . . is rationally related to a legitimate state interest." *Kimel*, 528 U.S. at 83 (citing *Gregory v. Ashcroft*, 501 U.S. 452, 470 (1991); *Vance v. Bradley*, 440 U.S. 93, 97 (1979); *Mass. Bd. of*

---

[6] Additionally, although section 3307(d) refers to age requirements imposed by "[t]he head of any agency," 5 U.S.C. § 3307(d), the Court can only conclude that the exemption from the ADEA for law enforcement officers applies with equal force to age requirements the Chief of the Capitol Police imposes pursuant to a instruction from Congress.

*Retirement v. Murgia*, 427 U.S. 307, 313-14 (1976)).  Under rational-basis review, a court "will not overturn such [government action] unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [government's] actions were irrational." *Id.* at 84 (quoting *Bradley*, 440 U.S. at 97) (internal quotation marks omitted) (alterations in original).  This case is analogous to one in which the U.S. Supreme Court upheld a state law mandating retirement of police officers at age fifty against an equal protection challenge.  *See Murgia*, 427 U.S. 307.  The Court noted that "under the rational-basis standard," a legislature's "drawing of lines that create distinctions" is "presumed to be valid" and concluded that mandatory retirement of police officers was "clearly rationally related" to the legislative goal of "protect[ing] the public by assuring physical preparedness of its uniformed police." *Id.* at 314-15.

Rovillard and Perry do not dispute that they bear the burden of proving that the age discrimination in question is not rationally related to any legitimate government interest.  Pl.'s Opp'n at 10; *see also Kimel*, 528 U.S. at 84 ("[B]ecause an age classification is presumptively rational, the individual challenging its constitutionality bears the burden of proving that the 'facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker.'" (quoting *Bradley*, 440 U.S. at 111)).  Instead, they argue that the Court's review can only take into account rationales that appear in the legislative record of the statute being challenged.  This reasoning is plainly incorrect.  The case plaintiffs cite to support their proposition, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971), describes the appropriate method of review of agency decisions pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq. See Overton Park*, 401 U.S. at 416, 419 (describing the

deferential standard of review in Administrative Procedure Act cases and noting that "'post-hoc' rationalizations" based on evidence outside the administrative record are not an appropriate basis for review).

As the Police Board argues in reply, the settled doctrine in equal protection cases is quite different: "a legislature that creates" classifications along lines subject to rational-basis review "need not 'actually articulate at any time the purpose or rationale supporting its classification.'" *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 320 (1993) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 15 (1992)).  Given the Supreme Court precedent cited above, it is clear that a rational basis supports the Merger Act.  Among other possible explanations, it is rational to desire a "young and vigorous law enforcement department."  Def.'s Mot. to Dismiss at 15.  Because the Merger Act's provisions declining to except Library Police from the retirement age of Capitol Police withstand rational-basis review, the Police Board is entitled to judgment as to plaintiffs' equal protection claims.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Police Board's motion in each case [##6, 6] shall be granted.  An appropriate order accompanies this memorandum opinion in each of the above-captioned cases.

                                                                     Henry H. Kennedy, Jr.
                                                                     United States District Court